Vanessa L. Williams, Esq.
Law Office of Vanessa L. Williams, P.C.
414 West Soledad Avenue
GCIC Bldg., Suite 500
Hagåtña, Guam 96910
Telephone: 477-1389
Email: vlw@vlwilliamslaw.com

Alexa Kolbi-Molinas*
Meagan Burrows*
Rachel Reeves*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2633
Email: akolbi-molinas@aclu.org

*Attorneys for Plaintiffs*

*admitted pro hac vice

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHANDHINI RAIDOO, *et al.*, | CASE NO. 21-00009 |
| Plaintiffs, | |
| vs. | **JOINT STIPULATION AND MOTION FOR ENTRY OF ORDER OF SETTLEMENT AND PARTIAL DISMISSAL OF CLAIMS PURSUANT TO FED. R. CIV. P. 41(A)** |
| LEEVIN TAITANO CAMACHO, *et al.*, | |
| Defendants. | |

The undersigned parties jointly move the Court to enter the accompanying Proposed Order of Settlement and Partial Dismissal of Claims Pursuant to Fed. R. Civ. P. 41(a), and in support of this motion stipulate and state as follows:

1. In their Complaint (ECF No. 1), filed January 28, 2021, Plaintiffs challenged, *inter alia*, the constitutionality of 9 G.C.A. § 31.20 ("Section 31.20") to the extent it prohibits Guam-licensed physicians from prescribing or dispensing medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine service). *See* Compl. ¶¶ 147–207, 210–12, 217–21, 225–26.

2. Plaintiffs named as defendants, in their official capacities:

    a. Attorney General Leevin Taitano Camacho, based on his authority to "prosecute all offenses against the laws of Guam," 5 G.C.A. § 3019(a), including violations of Section 31.20, *see also* 9 G.C.A. § 31.21 (imposing felony criminal penalties for violations of Section 31.20) ("Section 31.21"). *See* Compl. ¶ 16; Answer ¶ 16 (ECF No. 20).

    b. The individual members of the Guam Board of Medical Examiners ("GBME"), based on their authority under 10 G.C.A. § 12209(d) to take disciplinary action against licensees for, *inter alia*, "the commission or conviction of a gross misdemeanor or a felony, related to the practice of medicine," including violations of Sections 31.20 and 31.21. *See* Compl. ¶ 17; Answer ¶ 17.[1]

3. On February 5, 2021, Plaintiffs filed a motion for a preliminary injunction on Counts I and II of the Complaint. *See* ECF No. 12.

4. In their Answer, filed February 19, 2021, Defendants Camacho and GBME stated the following:

    a. "Defendants expressly deny any allegation inference or implication in ¶ 22 of the complaint that 9 GCA § 31.20 prohibits the prescription, delivery, and/or receipt of abortion medication outside a qualified physician's adequately equipped medical clinic or outside a hospital operated by the United States or Guam." Answer ¶ 22.

---

[1] Plaintiffs also named the individual members of the Commission on the Healing Arts of Guam, but those defendants were dismissed pursuant to an Order Re Joint Stipulation to Voluntarily Dismiss Without Prejudice Defendant Members of the Commission on the Healing Arts of Guam (ECF No. 23), entered by this Court on February 23, 2021.

b. "Defendants deny that 9 GCA §§ 31.20(b)(2) and 31.21 apply to medication abortion." Answer ¶ 199.

5. Defendant Camacho, his predecessors in office, and their agents, servants, and employees, have never interpreted, and do not interpret, Sections 31.20 or 31.21 as providing authority to prosecute a Guam-licensed physician for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medications used in a medication abortion in a clinical setting.

6. In view of the above, the parties stipulate and agree that:

a. Section 31.20 does not apply to medication abortion.

b. Section 31.20 does not prohibit the prescription, dispensing, delivery, and/or receipt of abortion medication outside a qualified physician's adequately equipped medical clinic or outside a hospital operated by the United States or Guam.

c. Enacted in 1978, Section 31.20 was intended to address surgical abortion procedures and not the prescription or administration of abortion medication, which did not exist at the time of the statute's passage.

d. The Attorney General, in his official capacity, and his agents, servants, and employees, therefore has no legal basis to prosecute a Guam-licensed physician for a violation of Sections 31.20 or 31.21 for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medications used in a medication abortion in a clinical setting, though other Guam and Federal laws may apply.

        e. The members of the GBME, in their official capacities, and their agents, servants, and employees, therefore have no legal basis to take disciplinary action against a Guam-licensed physician for a violation of Sections 31.20 or 31.21 for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medications used in a medication abortion in a clinical setting, though other Guam and Federal laws may apply.

7. The parties stipulate and agree that entry of the Proposed Order by this Court, adopting the terms set forth above, fully resolves Count I; Count II, Paragraphs 219–21; and Count III, Paragraphs 225–26, of the Complaint, and that those Counts may therefore be dismissed pursuant to Fed. R. Civ. P. 41(a).

8. The parties further stipulate and agree that entry of the Proposed Order by this Court adopting the terms set forth above shall not affect or adjudicate the remaining pending claims against the Defendants in this action.

9. The parties further stipulate and agree that the parties shall bear their own attorneys' fees or costs with respect to Count I; Count II, Paragraphs 219–21; and Count III, Paragraphs 225–26, of the Complaint, and that this is not an adjudication of any later claim or petition under 42 U.S.C. § 1988 with respect to the remaining Counts in this action.

10. Accordingly, to avoid unnecessary briefing and further streamline the matters before this Court, the parties respectfully move the Court to enter the accompanying Proposed Order.

Respectfully submitted this __3rd__ day of March, 2021.

**LAW OFFICE OF VANESSA L. WILLIAMS, P.C.**
*Attorney for Plaintiffs*

_____
VANESSA L. WILLIAMS, ESQ.

**OFFICE OF THE ATTORNEY GENERAL**
*Attorney for Defendants*

_____
JAMES L. CANTO II
Deputy Attorney General