IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| SHANDHINI RAIDOO, *et al.*, | ) | CIVIL CASE NO. 21-00009 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **ORDER RE JOINT STIPULATION AND MOTION FOR ENTRY OF ORDER OF SETTLEMENT AND PARTIAL DISMISSAL OF CLAIMS PURSUANT TO FED. R. CIV. P. 41(A)** |
| LEEVIN TAITANO CAMACHO, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

The parties have filed a Joint Stipulation and Motion for Entry of Order of Settlement and Partial Dismissal of Claims Pursuant to Fed. R. Civ. P. 41(a). *See* ECF No. 26. This Order acknowledges the settlement of the parties pursuant to the terms set forth in the Joint Stipulation and Motion (ECF No. 26) and grants the partial dismissal of claims.

As set forth in the Joint Stipulation and Motion, Plaintiffs challenged, *inter alia*, the constitutionality of 9 G.C.A. § 31.20 ("Section 31.20"), to the extent it prohibits Guam-licensed physicians from prescribing or dispensing medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine service). Plaintiffs named Attorney General Leevin Taitano Camacho as a defendant in his official capacity, based on his authority to "prosecute all offenses against the laws of Guam," 5 G.C.A. § 3019(a), including

violations of Section 31.20, *see also* 9 G.C.A. § 31.21 (imposing felony criminal penalties for violations of Section 31.20) ("Section 31.21"). Plaintiffs also named the individual members of the Guam Board of Medical Examiners ("GBME") as defendants in their official capacities, based on their authority under 10 G.C.A. § 12209(d) to take disciplinary action against licensees for, *inter alia*, "the commission or conviction of a gross misdemeanor or a felony, related to the practice of medicine," including violations of Sections 31.20 and 31.21.[1] Plaintiffs also filed a motion for a preliminary injunction.

In their Answer, Defendants denied that "9 G.C.A. §§ 31.20(b)(2) and 31.21 apply to medication abortion" and "expressly den[ied] any allegation inference or implication in ¶ 22 of the complaint that 9 GCA § 31.20 prohibits the prescription, delivery, and/or receipt of abortion medication outside a qualified physician's adequately equipped medical clinic or outside a hospital operated by the United States or Guam." Counsel for the Attorney General has further represented to Plaintiffs' counsel that Defendant Camacho, his predecessors in office, and their agents, servants, and employees, have never interpreted, and do not interpret, Sections 31.20 or 31.21 as providing authority to prosecute a Guam-licensed physician for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medications used in a medication abortion in a clinical setting.

In view of the above, the parties stipulated and agreed to the following:

1. Section 31.20 does not apply to medication abortion.

---

[1] Additional defendants, the individual members of the Commission on the Healing Arts of Guam, were dismissed without prejudice pursuant to a joint stipulation by the parties and order of this Court.

2. Section 31.20 does not prohibit the prescription, dispensing, delivery, and/or receipt of abortion medication outside a qualified physician's adequately equipped medical clinic or outside a hospital operated by the United States or Guam.

3. Enacted in 1978, Section 31.20 was intended to address surgical abortion procedures and not the prescription or administration of abortion medication, which did not exist at the time of the statute's passage.

4. The Attorney General, in his official capacity, and his agents, servants, and employees therefore have no legal basis to prosecute a Guam-licensed physician for a violation of Sections 31.20 or 31.21 for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medications used in a medication abortion in a clinical setting, though other Guam and Federal laws may apply.

5. The members of the GBME, in their official capacities, and their agents, servants, and employees, therefore have no legal basis to take disciplinary action against a Guam-licensed physician for a violation of Sections 31.20 or 31.21 for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (*e.g.*, through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medications used in a medication abortion in a clinical setting, though other Guam and Federal laws may apply.

The court hereby **GRANTS** the stipulated motion to dismiss (ECF No. 26). Count I; Count II, Paragraphs 219–21; and Count III, Paragraphs 225–26, of the Complaint are **DISMISSED**, pursuant to Fed. R. Civ. P. 41(a), subject to the terms set forth above. Nothing in the Joint Stipulation or this Order shall be deemed to affect or adjudicate the remaining pending claims against the Defendants in this action. Nothing in the Joint Stipulation or this Order shall be deemed to affect Plaintiffs' ability to seek relief against Defendants in any subsequent action.

The parties to the Joint Stipulation shall bear their own attorneys' fees or costs with respect to Count I; Count II, Paragraphs 219–21; and Count III, Paragraphs 225–26, of the Complaint. This is not an adjudication of any later claim or petition under 42 U.S.C. § 1988 with respect to the remaining Counts in this action.

This Court retains jurisdiction to enforce the settlement terms set forth in the Joint Stipulation and this Order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Mar 05, 2021**