VANESSA L. WILLIAMS, ESQ.
LAW OFFICE OF VANESSA L. WILLIAMS, P.C.
414 WEST SOLEDAD AVENUE
GCIC BLDG., SUITE 500
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-1389
EMAIL: vlw@vlwilliamslaw.com

ALEXA KOLBI-MOLINAS*
MEAGAN BURROWS*
RACHEL REEVES*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004
TEL: (212) 549-2633
EMAIL: akolbi-molinas@aclu.org

* Application for admission *pro hac vice* granted

*Attorneys for Plaintiffs*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHANDHINI RAIDOO, *et al.*, | CIVIL CASE NO. 21-00009 |
| Plaintiffs, | |
| vs. | **ORDER RE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65(a)** |
| LEEVIN TAITANO CAMACHO, *et al.*, | |
| Defendants. | |

The court has considered Plaintiffs' Motion for a Preliminary Injunction (ECF No. 12) and related briefing, and further pleadings and argument submitted in support of their motion[1];

---

[1] Plaintiffs originally sought preliminary injunctive relief against 9 G.C.A. § 31.20(b)(2), as well, to the extent that provision required a Guam-licensed physician to be in the physical presence of a patient when they prescribe, dispense, and/or otherwise provide medication abortion to patients in Guam. On March 5, 2021, this court entered an Order on the Parties' Joint Stipulation and Motion for Entry of Order of Settlement and Partial Dismissal of Claims (ECF No. 27), dismissing Count I; Count II, Paragraphs 219-21; and Count III, Paragraphs 225-26 of the Complaint (ECF No. 1) on the conditions set forth in the Parties' Joint Stipulation and Motion (ECF No. 26), including *inter alia*, that Section 31.20 does not prohibit the prescription, dispensing, delivery, and/or receipt of abortion medication outside a qualified physician's adequately equipped medical clinic and that the Attorney General of Guam, in his official capacity, and the members of the Guam Board of Medical Examiners, in their official capacities, have no legal basis to prosecute or take disciplinary action against a Guam-licensed physician under 9 G.C.A. § 31.20 or 31.21 for prescribing or dispensing either of the medications used in a medication abortion outside the physical presence of the patient (e.g., through the use of a direct-to-patient telemedicine program), or to otherwise require the administration of either of the medication used in a medication abortion in a clinical setting.

*Raidoo v. Camacho*; Case No. 21-00009
Order re Plaintiffs' Motion for a Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a)     Page **1** of **3**

Case 1:21-cv-00009   Document 44   Filed 09/07/21   Page 1 of 3

the U.S. Magistrate Judge's Report and Recommendation on Plaintiffs' Motion for Preliminary Injunction (ECF No. 32); and Plaintiffs' Objections to the Report and Recommendation (ECF No. 33) and related briefing and argument. The Court has concluded that Plaintiffs meet the requirements for preliminary injunctive relief, as the record demonstrates that Plaintiffs are likely to succeed on the merits of their claims that 10 G.C.A. § 3218.1 is unconstitutional as applied to the use of telemedicine to provide medication abortion to patients in Guam; that Plaintiffs and their patients will suffer irreparable harm if Defendants are not enjoined from enforcing 10 G.C.A. § 3218.1 as applied to the use of telemedicine to provide medication abortion to patients in Guam; and that Defendants will not be harmed if such an order is issued and the public interest favors the entry of such an order.

It is therefore **ORDERED** that Plaintiffs' motion for a preliminary injunction is hereby **GRANTED**; and the Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys and anyone acting in concert or participation with them) are hereby enjoined from enforcing, via criminal and/or licensure penalties as provided by statute:

- 10 G.C.A. § 3218.1(b) to require a patient obtaining medication abortion via telemedicine to receive the information required under that statute in person; and

- 10 G.C.A § 3218.1(b)(4)'s individual, private setting requirement to prevent a patient obtaining a medication abortion via telemedicine from receiving the information required under that statute while located in the setting of the patient's choosing, including with another person (or persons) present if the patient chooses. Nothing in this Order shall be construed to permit physicians or qualified persons under 10 G.C.A. § 3218.1 to provide the required information under that statute to more than one patient at a time.

*Raidoo v. Camacho*; Case No. 21-00009
Order re Plaintiffs' Motion for a Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a)     Page **2** of 3

Case 1:21-cv-00009   Document 44   Filed 09/07/21   Page 2 of 3

It is further **ORDERED** that Defendants shall immediately notify all of their officers, agents, servants, employees, and anyone responsible for the enforcement of 10 G.C.A. § 3218.1, about the existence and requirements of this preliminary injunction.

It is further **ORDERED** that this Order shall remain in effect until further order of the court.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge
Dated: Sep 07, 2021

*Raidoo v. Camacho;* Case No. 21-00009
Order re Plaintiffs' Motion for a Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a)   Page **3** of **3**

Case 1:21-cv-00009   Document 44   Filed 09/07/21   Page 3 of 3