VANESSA L. WILLIAMS, ESQ.
LAW OFFICE OF VANESSA L. WILLIAMS, P.C.
414 WEST SOLEDAD AVENUE
GCIC BLDG., SUITE 500
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-1389
EMAIL: vlw@vlwilliamslaw.com

ALEXA KOLBI-MOLINAS*
MEAGAN BURROWS*
RACHEL REEVES*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004
TEL: (212) 549-2633
EMAIL: akolbi-molinas@aclu.org

*Attorneys for Plaintiffs*

*admitted pro hac vice*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHANDHINI RAIDOO, M.D., *et al.*, | CIVIL CASE NO. 21-00009 |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FRCP 41(a)(2)** |
| DOUGLAS MOYLAN, in his official capacity as Attorney General of Guam, *et al.*, | |
| Defendants. | |

Plaintiffs Shandhini Raidoo, M.D., M.P.H., and Bliss Kaneshiro, M.D., M.P.H., hereby move, pursuant to Federal Rule of Civil Procedure 41(a)(2), for leave to dismiss without prejudice their complaint against Defendants Attorney General Douglas Moylan and the members of the Guam Board of Medical Examiners. Plaintiffs sought Defendants' position on this motion but Defendant's position is unknown.

### I. Procedural Background

On January 28, 2021, Plaintiffs filed the instant lawsuit on behalf of themselves and their patients, challenging the constitutionality of two Guam laws restricting abortion access. On

February 5, 2021, Plaintiffs moved for a preliminary injunction against both statutes, 9 G.C.A. § 31.20(b)(2) and 10 G.C.A. § 3218.1(b)(1)–(2). ECF No. 12. Shortly thereafter, on March 5, 2021, the parties partially settled the lawsuit after Defendants stipulated that 9 G.C.A. § 31.20(b)(2) did not prohibit the provision of medication abortion in Guam via telemedicine. ECF No. 26. On September 3, 2021, the District Court granted Plaintiffs' Motion for Preliminary Injunction, temporarily enjoining Defendants from enforcing 10 G.C.A. § 3218.1(b)(1)–(2), allowing telemedicine medication abortion patients to receive the required government-mandated pre-abortion information via live, face-to-face videoconference rather than in person. ECF No. 44.

On September 22, 2021, Defendants timely appealed, and all further proceedings in the District Court were suspended pending the outcome of the appeal. ECF No. 46; ECF No. 56. On August 1, 2023, the Ninth Circuit Court of Appeals issued an opinion ordering the vacatur of the preliminary injunction and remanding the case for further proceedings. *Raidoo v. Moylan*, No. 21-16559, 2023 WL 4876398 (9th Cir. Aug. 1, 2023). The mandate issued on August 23, 2023, returning jurisdiction to this Court. ECF No. 59; ECF No. 60. Shortly thereafter, Plaintiffs filed this Motion to Dismiss the lawsuit.

II. **Legal Argument**

Where, as here, the defendant has filed an answer, ECF No. 20, a plaintiff may unilaterally and voluntarily dismiss an action "only by court order, on terms that the court considers proper." FRCP 41(a)(2). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing cases). Such motions are "addressed to the district court's sound discretion" and "will not be disturbed unless the court . . . bases its decision on an erroneous view of the law or a clearly erroneous

assessment of the facts." *Id.* (internal citations and quotations omitted) (reversing denial of motion to dismiss without prejudice where no legal prejudice existed).

The Ninth Circuit has explained that plain legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument," i.e., "the loss of a federal forum, or the right to a jury trial or a statute-of-limitations defense" or the inability "to conduct sufficient discovery." *Id.* at 97 (citing cases); *see also Tibbetts By & Through Tibbetts v. Syntex Corp.*, 996 F.2d 1227 (9th Cir. 1993) (unpublished) (finding legal prejudice where defendant would lose statute of limitations defense). Legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982). Moreover, "the expense incurred in defending a lawsuit" and "the mere inconvenience of defending another lawsuit do[] not amount to legal prejudice." *Westlands*, 100 F.3d at 97; *Hamilton*, 679 F.2d at 145. Indeed, dismissal without prejudice following a ruling on a preliminary matter, including preliminary injunctions, is common. *See, e.g.*, *Westlands*, 100 F.3d 94 (reversing district court's denial of plaintiffs' motion to dismiss without prejudice following unfavorable ruling on preliminary injunction); *Stevedoring Servs. of Am. v. Armilla int'l B.V.*, 889 F.2d 919 (9th Cir. 1989) (granting dismissal without prejudice with no imposition of costs or fees where plaintiff pursued prejudgment writ of attachment in good faith and upon losing it decided to dismiss the case).

Here, Defendants will face no legal prejudice. Dismissal of this case without prejudice will not limit any rights or defenses available to Defendants in any future litigation. Dismissal of this suit without prejudice will merely "leave[] the situation the same as if the suit had never been brought in the first place." *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). Further, this case has not proceeded past the preliminary injunction stage and discovery has not

even begun.[1] *Cf. Hamilton*, 679 at 145 ("Appellant has not established plain legal prejudice merely by asserting that it had begun trial preparations."). Indeed, Plaintiffs have acted expeditiously to move to dismiss the case immediately following the Ninth Circuit's ruling vacating the preliminary injunction. *See Westlands*, 100 F.3d at 97 (finding lack of legal prejudice where plaintiffs filed motion for voluntary dismissal shortly after being denied preliminary injunction and before defendants filed motions for summary judgment). Accordingly, Defendants will face no legal prejudice from dismissal of this case.

For the reasons stated above, the Court should grant Plaintiffs' Motion to Dismiss Without Prejudice.

Respectfully submitted this 31st day of August, 2023.

**LAW OFFICE OF VANESSA L. WILLIAMS, P.C.**
*Attorney for Plaintiffs*


*/s/ Vanessa L. Williams*
VANESSA L. WILLIAMS

---

[1] During the preliminary injunction stage, there was no evidentiary hearing and, unlike Plaintiffs, Defendants neither retained experts nor produced any evidence in opposition to the motion for preliminary injunction.