Office of the Attorney General
**Douglas B. Moylan**
**Attorney General of Guam**
Civil Division
590 S. Marine Corps. Drive
ITC Bldg., Ste. 802
Tamuning, Guam 96913 · USA
671-475-2709/10 · 671-477-2493 (fax)
www.oagguam.org

**Attorneys for the Government of Guam**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| SHANDHINI RAIDOO, M.D., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS MOYLAN, in his official capacity as Attorney General of Guam, *et al.*, <br><br> Defendants. | Civil Case No.1:21-CV-00009 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FRCP 41(a)(2)** |

### 1. Introduction

Defendant Guam hereby requests the Court to deny Plaintiff's Motion to Dismiss Without Prejudice, and instead to dismiss with prejudice or to include conditions such as payment of costs and attorney's fees, so as to prevent unfair prejudice to defendants caused by the granting of the motion to dismiss without prejudice.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page 1
*Defendants Opposition to Plaintiff's Motion to Dismiss Without Prejudice Pursuant to FRCP 41(a)(2)*
Shandhini Raidoo, M.D., et al., vs. Douglas Moylan, in his official capacity as Attorney General of Guam, et al., 1:21-CV-00009.

Case 1:21-cv-00009   Document 62   Filed 09/20/23   Page 1 of 4

## II. Factual and Procedural Background

On January 28, 2021, plaintiffs filed a lawsuit challenging the constitutionality of two Guam laws restricting abortion, and moved for a preliminary injunction. On September 3, 2021, the District Court granted plaintiffs' motion for preliminary injunction, preventing defendants from enforcing 10 GCA § 3218.1(b)(1)-(2). ECF No. 44. On September 22, 2021, defendants appealed and all further proceedings were suspended. ECF No. 46 and 56. On August 1, 2023, the 9th Circuit Court of Appeals issued an opinion vacating the preliminary injunction and remanding the case for further proceedings. The Court issued the mandate on August 23, 2023 returning jurisdiction to this court. ECF No. 59 and 60. Plaintiffs then filed a motion to dismiss without prejudice pursuant to FRCP 41(a)(2).

## III. Argument

Federal Rules of Civil Procedure ("FRCP") Rul3 41 (a)(2) provides that "except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…." In *Burnette v. Godshall*, 828 F.Supp. 1439 (1993), the Court stated that "whether to allow dismissal with or without prejudice4 is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." See *Paulucci v. City of Duluth,* 826826 F.2d 780, 783 (8th Cir. 1987). The following factors are relevant in determining whether the dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* Additionally, "the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page 2
*Defendants Opposition to Plaintiff's Motion to Dismiss Without Prejudice Pursuant to FRCP 41(a)(2)*
Shandhini Raidoo, M.D., et al., vs. Douglas Moylan, in his official capacity as Attorney General of Guam, et al., 1:21-CV-00009.

Case 1:21-cv-00009   Document 62   Filed 09/20/23   Page 2 of 4

to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co.,* 781 F.2d 855, 857 (11th Cir. 1986).

Similarly, in *Bechuck v. Home Depot USA, Inc.,* 814 F.3d 287, (5th Cir. 2016), the Fifth Circuit discussed possible conditions on a Rule 41(a)(2) voluntary dismissal:

> "By its very language 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.'" [We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Thus, "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case."
>
> "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." Typical examples of permissible conditions include payment of costs and attorney's fees. Other conditions could include "making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bringing in other witnesses."

In this case it is clear that defendants face a prospect of a second lawsuit, and expenses that would be incurred in defending such lawsuit. There will always be risks associated with future litigation, including the unavailability of witnesses in the future. The decision from the 9th Circuit is clear that there would be no basis to file another action in the District Court of Guam, as the Court stated "As the Supreme Court has instructed, abortion policy is best left to the people's representatives. *Dobbs,* 142 S. Ct. at 2243…. Guam can enact laws that it believes are best for its people, even if some people might strenuously oppose such laws or think them unwise. We hold that Plaintiffs have failed to show a likelihood of success on the merits that the in-person informed-consent requirement of 10 Guam Code Ann. § 3218.1 fails rational basis review. We thus vacate the district court's grant of a preliminary injunction." *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (en banc.). *Shandhini Raidoo, M.D. et al., v. Douglas Moylan, et al.,* No. 21-16559, (9th Cir. 2023).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page 3
*Defendants Opposition to Plaintiff's Motion to Dismiss Without Prejudice Pursuant to FRCP 41(a)(2)*
Shandhini Raidoo, M.D., et al., vs. Douglas Moylan, in his official capacity as Attorney General of Guam, et al., 1:21-CV-00009.

Case 1:21-cv-00009   Document 62   Filed 09/20/23   Page 3 of 4

## IV. Conclusion

For the reasons stated above, Defendants request the Court to deny Plaintiff's Motion to Dismiss Without Prejudice, and instead to dismiss with prejudice or to include conditions such as payment of costs and attorney's fees, so as to prevent unfair prejudice to defendants caused by the granting of the motion to dismiss without prejudice.

Respectfully submitted this 20th day of September, 2023.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan,** Attorney General

By: ___/s/_____
**D. GRAHAM BOTHA**
Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, a true and accurate copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Dismissal Without Prejudice was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

___/s/_____
D. GRAHAM BOTHA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page 4
*Defendants Opposition to Plaintiff's Motion to Dismiss Without Prejudice Pursuant to FRCP 41(a)(2)*
Shandhini Raidoo, M.D., et al., vs. Douglas Moylan, in his official capacity as Attorney General of Guam, et al., 1:21-CV-00009.

Case 1:21-cv-00009   Document 62   Filed 09/20/23   Page 4 of 4