# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHANDHINI RAIDOO, *et al.*, | CIVIL CASE NO. 21-00009 |
| Plaintiffs, | |
| vs. | **ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE** |
| DOUGLAS MOYLAN, in his official capacity as Attorney General of Guam, *et al.*, | |
| Defendants. | |

Before the court is Plaintiffs' Motion to Dismiss without Prejudice Pursuant to FRCP 41(a)(2). *See* Mot., ECF No. 61. Therein, Plaintiffs move the court for dismissal of the above-captioned matter without prejudice, since the Ninth Circuit of Appeals issued an opinion ordering the vacatur of the preliminary injunction. Defendants oppose, citing to cases from out of circuit (Fifth, Eighth, and Eleventh circuits), which are not mandatory authority for this court. In fact, one of the cases cited by Defendants was expressly rejected by the Ninth Circuit. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("We decline to adopt the Eight Circuit's analysis in *Paulucci*."). Further, Defendants failed to address the Ninth Circuit standard of whether Defendants will suffer from some plain legal prejudice as a result of the dismissal without prejudice.

"When ruling on a motion to dismiss without prejudice, the district court must determine

1

whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands*, 100 F.3d at 96. In analyzing "legal prejudice," courts have focused on the rights and defenses available to a defendant in future litigation, *i.e.*, "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97.

Defendants' main argument in opposing the dismissal without prejudice is that they will "face a prospect of a second lawsuit, and expenses that would be incurred in defending such lawsuit." Opp'n. at 3, ECF No. 62. A prospect of a second ligation is not plain legal prejudice. In fact, the Ninth Circuit has expressly held that "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands*, 100 F.3d at 96; *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Similarly, expenses that would be incurred in defending a second lawsuit is not plain legal prejudice. Again, the Ninth Circuit has expressly held that such is not considered plain legal prejudice. *Id.* at 146.

Defendants also seek attorney fees as a condition of the dismissal. *See* Opp'n. at 1, ECF No. 62. The court denies this request. Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory. *Westlands*, 100 F.3d at 97. If the court were to impose attorney fees, "the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Id.* Here, Defendants have not shown that the work they performed in this early stage of litigation cannot be used in any future litigation of these claims.

Based on the foregoing, the court hereby GRANTS Plaintiffs' motion to dismiss without prejudice. The above-captioned matter is hereby DISMISSED without prejudice.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Nov 20, 2023**